E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DIANE ROLDÁN (Cal. Bar No. 288224)
Assistant United States Attorney
General Crimes Section
       1200 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone: (213) 894-6567
       Facsimile: (213) 894-0141
       Email:    diane.roldan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JAMES FERNANDES,<br><br>　　　　　Defendant. | No. 5:24-CR-00094-SSS<br><br>THIRD STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**<br>November 18, 2024, 9:00 a.m.<br>**PROPOSED TRIAL DATE:**<br>April 7, 2025, 9:00 a.m. |

        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Diane Roldán, and
defendant JAMES FERNANDES ("defendant"), both individually and by and
through his counsel of record, John Targowski, hereby stipulate as
follows:

        1.    The Indictment in this case was filed on April 10, 2024.
Defendant first appeared before a judicial officer of the court in
which the charges in this case were pending on May 10, 2024.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 19, 2024.

2.  On May 10, 2024, the Court set a trial date of July 1, 2024, at 9:00 a.m., and a Pretrial Conference and motions hearing date of June 14, 2024, at 9:00 a.m.

3.  Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately four days.

4.  The Court has previously continued the trial date in this case from July 1, 2024, to September 30, 2024, and then to November 18, 2024, and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.  This is the third request for a continuance.  By this stipulation, defendant moves to continue the trial date to April 7, 2025, at 9:00 a.m., and the Pretrial Conference to March 21, 2025, at 10:00 a.m.  The parties also request the following schedule for any pretrial motions: Motions shall be filed by February 21, 2025; oppositions shall be filed by March 7, 2025; replies, if any, shall be filed by March 14, 2025.

6.  Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.  Defendant is charged with violations of 18 U.S.C. §§ 1951(a): Interference with Commerce by Robbery; 18 U.S.C. §§ 2113(a), (d): Armed Bank Robbery; and 18 U.S.C. §§ 924(c)(1)(A)(i), (ii): Possess, Use, Carry, and Brandish a Firearm in Furtherance of, and During and in Relation to, Crimes of Violence. The government has produced discovery to the defense, including

police reports, surveillance video, office body-worn camera, and DNA testing results.

    b.  Defense counsel represents that he is currently scheduled to be in the following trials:

    i.  <u>USA v. Meza-Ortiz et al</u>., 2:23-cr-00653-DSF, a twelve-defendant conspiracy to engage in drug trafficking case set for trial on Sept 17th, 2024, with a one to two week estimate.  The parties have filed a second stipulation for a continuance that will likely be granted at a status conference on August 26th, 2024.

    ii.  <u>USA v. Medina et al</u>., 2:24-cr-00238-SVW, a two-defendant conspiracy to engage in hostage taking case set for trial on October 8th, 2024, with a one week estimate.  One prior continuance.  The parties anticipate going to trial on the date.

    iii. <u>USA v. Martinez-Reyes</u>, 2:23-cr-00524-DMG, a twelve-defendant money laundering and structuring case set for jury trial on November 5th, 2024, with a two-week estimate, one prior continuance.  The parties anticipate further continuances.

    iv.  <u>USA v. Martinez</u>, 2:23-cr-00639-GW a single defendant drug trafficking conspiracy case set for trial on November 12th, 2024, with 2 prior continuances and one week estimate.  The parties anticipate resolving the case with a plea.

    v.  <u>USA v. Escheverria et al.</u>, 2:23-cr-00236-ODW, a five-defendant drug and firearms trafficking conspiracy case set for trial on January 14th, 2025, with a one week estimate and two prior continuances.  The parties anticipate resolving the case with a plea.

    c.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

        d.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        e.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

        f.    The government does not object to the continuance.

        g.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from November 18, 2024, to April 7, 2025, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance

1 would be likely to make a continuation of the proceeding impossible,

2 or result in a miscarriage of justice; and (iii) failure to grant the

3 continuance would unreasonably deny defendant continuity of counsel

4 and would deny defense counsel the reasonable time necessary for

5 effective preparation, taking into account the exercise of due

6 diligence.

7      8.    Nothing in this stipulation shall preclude a finding that

8 other provisions of the Speedy Trial Act dictate that additional time

9 periods be excluded from the period within which trial must commence.

10 Moreover, the same provisions and/or other provisions of the Speedy

11 Trial Act may in the future authorize the exclusion of additional

12 time periods from the period within which trial must commence.

13      IT IS SO STIPULATED.

14 Dated:
15      8/26/2024                    Respectfully submitted,

16                                   E. MARTIN ESTRADA
                                     United States Attorney

17                                   MACK E. JENKINS
                                     Assistant United States Attorney
18                                   Chief, Criminal Division

19

20                                   DIANE ROLDAN
                                     Assistant United States Attorney
21

22                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
23 Dated: 8/26/24

24                                   Respectfully submitted,

25

26                                   John Targowski, Esq.

27 //                                Attorney for Defendant
                                     JAMES FERNANDES
28

                                     5

1    I am JAMES FERNANDES's attorney.  I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client. I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than April 7, 2025, is an

7  informed and voluntary one.

8

9

10  _____          _____
    JOHN TARGOWSKI                           Date    8/26/29
11  Attorney for Defendant
    JAMES FERNANDES

12

13    I have read this stipulation and have carefully discussed it

14  with my attorney.  I understand my Speedy Trial rights.  I

15  voluntarily agree to the continuance of the trial date and give up my

16  right to be brought to trial earlier than April 7, 2025.

17

18  _____          _____
    JAMES FERNANDES                          Date    8-26-24
19  Defendant

20

21

22

23

24

25

26

27

28